Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 1703 | DATE | March 5, 2012 |
| CASE TITLE | Owens v. Enable Holdings et al. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Defendant Takesue's Motion to Dismiss (doc. # 9). The Court DENIES Plaintiff Owens's Motion for Appointment of Counsel (doc. #12). Status hearing set for 9:30 a.m. April 10, 2011.

■[ For further details see below.]    Docketing to mail notice.

## STATEMENT

Plaintiff Jeanice Owens sued her former employer Enable Holdings and two of its employees or officers, Tim Takesue and Amy Powers. According to Owens, she was harassed, passed over for promotions, and ultimately terminated because of her race and gender. For example, she alleges she was told by a superior that she would never be promoted because she was a woman. She claims that she was terminated after being told that she could not make a rational decision, but that the primary purpose was that she was African American. One of the Defendants, Tim Takesue, moves to dismiss the claims against him.

First, Takesue argues that service was not timely or proper. Rule 4 of the Federal Rules of Civil Procedure gives Plaintiff 120 days to effect service after a complaint is filed. When a plaintiff attempts to proceed without prepaying the Court's filing fee, however, a complaint is deemed filed when the Court approves the *in forma pauperis* application. 28 U.S.C. § 1914(a); 28 U.S.C. § 1915(a); *Robinson v. Am. Best Contacts & Eyeglasses*, 876 F.2d 596, 597-98 (7th Cir. 1989); L.R. 3.3(d). The Court ruled on Owens's application on July 19, 2011 and service on Takesue was returned in September 2011, making service timely. However, on U.S. Marshal Form 285 (USM-285), Owens indicated that Takesue could be found at the same address as Enable Holdings, the corporate defendant. Perhaps he could be found there, but Takesue was not personally served. Rather, the summons was left with an employee of Enable Holdings. Under Rule 4(e), service on an individual defendant may be made by doing any of the following: (1) following state law for serving a summons; (2) serving defendant personally; (3) serving defendant's agent authorized to receive service of process; or (4) leaving a copy of the summons and complaint with a person of suitable age at the defendant's dwelling or place of abode. Enable Holdings's place of business is not Takesue's usual place of abode, and Owens makes no argument that service

| STATEMENT |
|---|

was proper under Illinois law. Service appears to have been improper. Ordinarily, the Court would simply grant Owens leave to reserve Takesue, for a dismissal for improper service is without prejudice.

However, Takesue also argues that Owens fails to state a claim against him, and so the Court will take up that argument. Owens's complaint does not mention Takesue at all. She claims that a "superior" told her that she would not be promoted because she was a woman and that she was harassed. Although it might be fair to implicitly conclude that the "superior" who told her that she would not be promoted was Takesue, that would be speculation, and a complaint must set forth facts that make relief plausible rather than speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In response to Takesue's motion, Owens adds to the allegations of her complaint. In the response, Owens appears to imply that Enable Holdings is merely an alter ego for Takesue and therefore argues she has stated a claim against him. Generally, it is improper to amend a complaint in a response to a motion to dismiss. Rather, Owens should have moved to file an amended complaint to raise the additional allegations. But Owens's failure to move to amend is of no consequence. Even if the additional allegations were sufficient to state a claim against Takesue, any such claim would be barred because Owens did not exhaust her administrative remedies by naming Takesue in her claim before the EEOC. When Owens filed a complaint with the EEOC, however, she named only Enable Holdings and not Takesue A party not named as a respondent in an EEOC charge may not be sued for discrimination under Title VII of the Civil Rights Act of 1964. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008). The purpose of requiring a complainant to name the respondent is to give the employer some notice of the claims against it and allow both the EEOC and the employer an opportunity to engage in a conciliatory process prior to litigation. *Id.*

The Court GRANTS Takesue's Motion to Dismiss. Owens alleges she was fired in February 2010. Claims before the EEOC must be brought within 300 days, and so any claim she might make against Takesue before the EEOC would be untimely. Therefore, the dismissal is with prejudice.

Owens again asks the Court to appoint counsel. As noted earlier, civil litigants are not entitled to appointed counsel, and Owens has made no showing that the case is so complex as to require the Court to appoint counsel for her. The Court DENIES Owens's Motion to Appoint Counsel.

*Wm. J. Hibbler*