UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANICE L. OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 1703 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| ENABLE HOLDINGS, TIM TAKESUE, and AMY POWERS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jeanice L. Owens brought this employment discrimination suit against Defendants Enable Holdings and two individuals who appear to have been Enable employees, Amy Powers and Tim Takesue. The complaint purports to set forth claims for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.; national origin discrimination in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*.; and sex discrimination in violation of Title VII. Doc. 7 at ¶ 9. The complaint alleges that Owens is "a 52 year-old Black woman." *Id*. at ¶ 13. It further alleges that Owens "was told by a superior that she would never be promoted to management because she was a woman," and that "[a]fter many years of exemplary service, she was harassed, slandered with write-ups, and terminated after being told that she could not make rational decisions and was not 'Switzerland.'" *Ibid*.

Powers has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims against her. Powers argues that the complaint alleges insufficient facts regarding her, that the Title VII and ADEA claims against her were not properly exhausted because she was not named

-1-

in Owens's Equal Employment Opportunity Commission ("EEOC") charge, and that Powers, an individual, cannot be sued under Title VII and the ADEA. Powers is right that Title VII and the ADEA, which apply only to "employers," do not provide for individual liability against the plaintiff's co-employees. *See Williams v. Banning*, 72 F.3d 552, 553-54 (7th Cir. 1995). The Title VII and ADEA claims against Powers accordingly are dismissed with prejudice. Section 1981, by contrast, does provide for individual liability. *See Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 783 (7th Cir. 2006); *Sommerfield v. City of Chicago*, 2011 WL 4553021, at *6 (N.D. Ill. Sept. 29, 2011). Moreover, § 1981 claims need not be exhausted in administrative proceedings before the EEOC. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 732 (7th Cir. 2004).

The § 1981 claim against Powers falters in another respect, however. To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain 'enough facts to state a claim to relief that is plausible on its face' and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ibid*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint fails to meet this requirement. It does not allege what Powers did to discriminate against Owens. In fact, the body of the complaint does not mention Powers at all; it refers only to actions taken by an unspecified "superior." Doc. 7 at ¶ 13. If the "superior" was Powers, the complaint needs to say so, and if not, the complaint needs to state how Powers discriminated against Owens.

For these reasons, the Title VII and ADEA claims against Powers are dismissed with prejudice, while the § 1981 claim against Powers is dismissed without prejudice. Owens has

until May 29, 2012, to move for leave to file an amended complaint that states a proper § 1981 claim against Powers.

May 7, 2012

_____
United States District Judge