UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANICE L. OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 1703 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| ENABLE HOLDINGS, TIM TAKESUE, and AMY POWERS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Jeanice L. Owens brought this employment discrimination suit against

Defendants Enable Holdings (also known as uBid.com) and two individuals who were Enable

employees, Amy Powers and Tim Takesue. Doc. 7. The original complaint, which alleged that

Owens is "a 52 year-old Black woman," purported to set forth claims for age discrimination

under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., national

origin discrimination under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, 42 U.S.C.

§ 2000e *et seq*., and sex discrimination under Title VII. Doc. 7 at ¶¶ 9, 13. The complaint

charged that Owens "was told by a superior that she would never be promoted to management

because she was a woman," and that "[a]fter many years of exemplary service, she was harassed,

slandered with write-ups, and terminated after being told that she could not make rational

decisions and was not 'Switzerland.'" *Id*. at ¶ 9.

The court dismissed the claims against Takesue under Federal Rule of Civil Procedure

12(b)(6) for failure to exhaust administrative remedies; the court's order did not distinguish the

Title VII and ADEA claims against Takesue from the § 1981 claim against him. Doc. 22

(Hibbler, J.). In a subsequent order, the court dismissed with prejudice the Title VII and ADEA

claims against Powers, and dismissed the § 1981 claim against her without prejudice. Docs. 37,

38 (Feinerman, J.). The court explained its ruling on the § 1981 claim as follows: "[The

complaint] does not allege what Powers did to discriminate against Owens. In fact, the body of

the complaint does not mention Powers at all; it refers only to actions taken by an unspecified

'superior.' Doc. 7 at ¶ 13. If the 'superior' was Powers, the complaint needs to say so, and if

not, the complaint needs to state how Powers discriminated against Owens." Doc. 38 at 2. The

court gave Owens a chance to replead her § 1981 claim against Powers. Doc. 37. The court also

noted that Owens could try to replead her § 1981 claim against Takesue, but only if she

addressed whether Takesue had been properly served with summons. *Ibid.*; *see* Doc. 9 (where

Takesue sought dismissal on the ground, among others, that he was not properly served); Doc.

22 (declining to resolve whether Takesue had been properly served).

Owens moved for leave to file an amended complaint. Doc. 40. The court denied the

motion with respect to the claims against Takesue because Owens did not establish that he had

been properly served; denied the motion with respect to the claims against Enable because

Enable had filed for bankruptcy and Owens failed to explain how she could pursue Enable in

light of the bankruptcy; and granted the motion with respect to the claims against Powers. Doc.

43. The amended complaint purports to state § 1981 claims against Powers for race

discrimination, national origin discrimination, and retaliation. Doc. 44 at ¶¶ 9, 12. It also

purports to state a claim against Powers under the Equal Pay Act ("EPA"), 29 U.S.C.

§ 206(d)(1). Doc. 44 at ¶ 9. The amended complaint alleges that the promotions Owens

received at work "were minor in comparison to the level of the job she performed and were less

equal to the white males assigned the same duties," that she "was subjected to different terms

-2-

and conditions of employment and lower wages," that she "complained about the discrimination," and that she "was then terminated by Amy Powers." *Id*. at ¶ 13.

Powers has again moved to dismiss, arguing that the amended complaint still alleges insufficient facts to state a claim. Doc. 46. At the presentment hearing on July 9, 2012, the court cautioned Owens that she should include in her opposition brief all facts (other than those already in the amended complaint) that support her claims against Powers. Such additional facts, though not formally set forth in a pleading, must be considered in resolving a Rule 12(b)(6) motion. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). But Owens' response puts forth no additional facts; instead, she relies exclusively on her amended complaint, and requests leave to file a second amended complaint if the amended complaint is deemed insufficient. Doc. 52.

Owens's amended complaint again falls short of stating plausible claims against Powers. To survive a Rule 12(b)(6) motion, a complaint "must contain 'enough facts to state a claim to relief that is plausible on its face' and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ibid*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To state a discrimination claim under § 1981, Owens must allege facts raising a plausible inference that Powers "had the intent to discriminate on the basis of race." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006). The most the amended complaint can be deemed to say about Powers is that she fired Owens. The amended complaint does not suggest

-3-

*why* Powers fired Owens, and thus offers no factual basis to plausibly infer that Powers fired

Owens because of her race or national origin.  The amended complaint does not suggest, for

example, that Powers was in any way responsible for Owens having received inferior promotions

or pay as compared to white male employees, which might possibly have raised an inference that

racial bias motivated Owens' termination.  It follows that the § 1981 discrimination claim must

be dismissed.  *See Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409

F.3d 833, 837 (7th Cir. 2005) ("To state a claim under § 1981, [the plaintiff] must allege facts in

support of the following propositions: (1) [the plaintiff] is a member of a racial minority; (2) the

[defendants] intended to discriminate on the basis of race; and (3) the discrimination deprived

[the plaintiff] of one or more rights enumerated in § 1981, such as the making and enforcing of a

contract."); *see also White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226-27 (2d Cir. 2011)

(affirming the dismissal of a § 1981 claim where the complaint failed to allege that "the plaintiff

is a member of a racial minority group and the defendants intended to discriminate against her

based on her race"); *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 345 (4th Cir. 2006)

("For a § 1981 discrimination claim, [the plaintiff] must allege that he is a member of a racial

minority; that the defendants' termination of his employment was *because of his race*; and that

their discrimination was intentional.").

  To state a retaliation claim under § 1981, Owens must allege facts raising a plausible

inference that there was a "causal connection" between her complaint of discrimination and her

termination by Powers.  *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir.

2011).  The amended complaint offers no basis to infer that Powers fired Owens because of her

complaints about discrimination; it does not even say that Powers was *aware* of Owens's

complaints.  It follows that the § 1981 retaliation claim must be dismissed.  *See Tomanovich v.*

*City of Indianapolis*, 457 F.3d 656, 668 (7th Cir. 2006) ("It is not sufficient that [an employer] could or even should have known about [an employee's] complaint; the employer must have had actual knowledge of the complaints for [its] decisions to be retaliatory.") (internal quotation marks omitted, alterations in original); *Velez v. Levy*, 401 F.3d 75, 98-99 (2d Cir. 2005) (dismissing under Rule 12(b)(6) a First Amendment retaliatory discharge claim because the complaint failed to allege a "causal connection" between the plaintiff's speech and the defendants' adverse action).

The EPA claim must be dismissed as well. Although the EPA, as part of the Fair Labor Standards Act ("FLSA"), allows suits against supervisors, *see Riordan v. Kempiners*, 831 F.2d 690, 694-95 (7th Cir. 1987), Powers can be held liable only if she "was in some way responsible for" the alleged EPA violation. *Snider v. Belvidere Twp.*, 1998 WL 920400, at *3 (N.D. Ill. Dec. 28, 1998); *see also Riordan*, 831 F.2d at 694 (holding that a supervisor may be held liable under the EPA if she "had supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation"). The amended complaint alleges no facts tying Powers to gender-based pay discrimination against Owens. The Equal Pay Act claim accordingly is dismissed. *See Knapp v. City of Markham*, 2011 WL 3489788, at *10 (N.D. Ill. Aug. 9, 2011) (dismissing a FLSA claim against an individual defendant because the complaint failed to allege the individual defendant's personal involvement); *Wilson v. Advocate Health & Hosps. Corp.*, 2006 WL 1749662, at *2 (N.D. Ill. June 21, 2006) (same for a claim under the Family Medical Leave Act).

Owens's request for leave to file a second amended complaint is denied. Although "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), the court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Airborne*

*Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (internal

quotation marks and emphasis omitted).  The order dismissing the original complaint's claims

against Powers warned Owens that she needed to allege facts supporting those claims, Doc. 38 at

2; Owens again was warned at the presentment of Powers' motion to dismiss the amended

complaint that she had to include in her opposition brief any additional factual allegations

supporting her claims.  Owens was granted ample opportunities to plead viable claims against

Powers, and will not be given another chance.  *See Agnew v. Nat'l Collegiate Athletic Ass'n*, 683

F.3d 328, 347-48 (7th Cir. 2012); *Airborne Beepers*, 499 F.3d at 666-67.

    For the foregoing reasons, Powers' motion to dismiss is granted.  Owens' claims against

Powers are dismissed with prejudice.

August 22, 2012

                           United States District Judge